*Read & Howell,* for appellees.

---

### CRAIG & HOLLEY *v.* JOHN F. HAGGARD.

**Sale of Personal Property — Retention of Possession by Vendor — Fraud on Creditors — Instructions.**

Retention of the possession and use by the vendor, inconsistent with the title claimed by the vendee, was *per se* a legal fraud, which made the sale void as to the vendor's creditors.

**Same.**

The court erred in refusing the following instruction to the jury: "If they believe from the evidence, that after the alleged sale from F. Haggard to his attorney, said Haggard retained control and use of the property, the sale as to the creditors and third persons was fraudulent and void."

APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 7, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON.

The facts all admitted, the only legal conclusion is that no title to any specific corn had ever been vested in the appellee, even if the contract of sale was made in mutual good faith. Mrs. Adam's share had not been separated. No certain price had been fixed, the quantity sold had not been ascertained, and the vendor's reserved use for consumption made it uncertain how much or whether any would be left in the spring when the vendee was to have whatever might then remain unconsumed. And, therefore,

when the execution of appellants was levied on the gross crop the appellee could have maintained no action for it or for any identical portion of it.

Moreover, the retention of the possession and use by the vendor as ostensible owner inconsistently with the absolute title claimed by the vendee was *per se* a legal fraud, which made the sale void as to the vendor's creditors, and on this point the Circuit Court erred in refusing to give the following instruction: "If the jury believe from the evidence that, after the alleged sale from F. Haggard to attorney, said F. Haggard retained control of and used the property, then the sale as to creditors and third persons was fraudulent and void, and they must find for the defendants."

Wherefore, the judgment is reversed and the cause remanded for a new trial.

*Holt & Hurst, for appellant.*

*T. Turner, for appellee.*